UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| MAURICE BROWN, | |
| Plaintiff, | CASE NO. C20-1703-TSZ-MAT |
| v. | |
| KENT MUNICIPAL CORP., et al., | REPORT AND RECOMMENDATION |
| Defendants. | |

## INTRODUCTION

Plaintiff proceeds pro se and *in forma pauperis* in this civil rights matter pursuant to 42 U.S.C. § 1983. He names as defendants Kent Municipal Corp., Kent Chief of Police Rafael Padilla, and Kent Detective Mathew Murphy and seeks to bring claims for unlawful arrest and imprisonment and other constitutional violations following his arrest on July 5, 2019. (Dkt. 1-1.) He requests as relief twenty million dollars in damages and the retraining of arresting officers.

Plaintiff is currently being held at the King County Regional Justice Center in Kent, Washington. A review of state court records reveals that the criminal proceedings that followed plaintiff's arrest and are at issue in his complaint remain active, including an Order of Continuance

recently issued on November 13, 2020 and the absence of any judgment. *See State of Washington v. Brown*, King County Superior Court Cause No. 19-1-04585-6 KNT, docket found at http://dw.courts.wa.gov. Now, for the reasons described below, the Court recommends this case be DISMISSED without prejudice .

## DISCUSSION

In order to sustain a § 1983 claim, plaintiff must show (1) he suffered a violation of rights protected by the Constitution or created by federal statute, and (2) the violation was proximately caused by a person acting under color of state or federal law. *West v. Atkins*, 487 U.S. 42, 48 (1988); *Crumpton v. Gates*, 947 F.2d 1418, 1420 (9th Cir. 1991). For the reasons set forth below, plaintiff's proposed § 1983 complaint is subject to dismissal.

Plaintiff may not challenge the propriety of ongoing state criminal proceedings in a § 1983 lawsuit. Generally, the federal courts will not intervene in pending state criminal proceedings absent extraordinary circumstances where the danger of irreparable harm is both great and immediate. *See Younger v. Harris*, 401 U.S. 37, 53–54 (1971). "[O]nly in the most unusual circumstances is a defendant entitled to have federal interposition by way of injunction or habeas corpus until after the jury comes in, judgment has been appealed from and the case concluded in the state courts." *Drury v. Cox*, 457 F.2d 764, 764–65 (9th Cir. 1972); *see also Carden v. Montana*, 626 F.2d 82, 83-84 (9th Cir. 1980). The court is required to invoke the *Younger* abstention doctrine if state proceedings are (1) ongoing, (2) implicate important state interests, and (3) afford the plaintiff an adequate opportunity to raise the federal issue. *Columbia Basin Apartment Ass'n v. City of Pasco*, 268 F.3d 791, 799 (9th Cir. 2001) (citation omitted).

All of the *Younger* criteria are satisfied here. The state proceedings are ongoing, involve a criminal prosecution that implicates important state interests, and there is nothing to indicate

REPORT AND RECOMMENDATION
PAGE - 2

plaintiff cannot raise in his criminal case the same claims he raises here or that there is a danger of great and immediate irreparable harm. It appears this action would unduly interfere with the state criminal proceeding in a way *Younger* disapproves, thereby requiring this Court's abstention.

In addition, if plaintiff's state criminal case resolves in the near future and results in a conviction, this action would then be barred by *Heck v. Humphrey*, 512 U.S. 477, 486-87 (1994). When a state prisoner brings a § 1983 action for damages or injunctive relief, the district court must consider whether a judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction, sentence, or confinement. *Id*. at 487-90. "[I]f it would, the complaint must be dismissed," unless the plaintiff can demonstrate the conviction or confinement has already been invalidated, expunged, or otherwise impugned. *Id.* at 487; *see also Butterfield v. Bail*, 120 F.3d 1023, 1024 (9th Cir.1997). Although the precise status of plaintiff's ongoing criminal proceedings remains unclear, the record appears to suggest the possibility of a conviction in the near future. *See State of Washington v. Brown*, King County Superior Court Cause No. 19-1-04585-6 KNT, docket found at http://dw.courts.wa.gov.[1]

## CONCLUSION

Where a *pro se* litigant's complaint fails to state a claim upon which relief can be granted, the Court generally grants him the opportunity to amend the complaint. *Lucas v. Dep't of Corrections*, 66 F.3d 245, 248 (9th Cir. 1995) (per curiam). However, the Court may deny leave to amend if "it is absolutely clear that no amendment can cure the defect." *Id*. Because it is clear plaintiff has an ongoing state criminal case requiring the Court to abstain pursuant to *Younger*, the

---

[1] Plaintiff's complaint also suffers from deficiencies in pleading. For example, while a local government unit or municipality like the municipality of Kent can be sued as a "person" under § 1983, *Monell v. Department of Social Servs. of City of New York*, 436 U.S. 658, 691-94 (1978), plaintiff fails, as is required for such a claim, to identify the municipal "policy" or "custom" that caused him injury, *Bryan County Commissioners v. Brown*, 520 U.S. 397, 403 (1997) (citing *Monell*, 436 U.S. at 694).

REPORT AND RECOMMENDATION
PAGE - 3

Court recommends this § 1983 action be DISMISSED without prejudice**.**  A proposed Order accompanies this Report and Recommendation.

## OBJECTIONS

Objections to this Report and Recommendation, if any, should be filed with the Clerk and served upon all parties to this suit within **twenty-one (21) days** of the date on which this Report and Recommendation is signed.  Failure to file objections within the specified time may affect your right to appeal.  Objections should be noted for consideration on the District Judge's motions calendar for the third Friday after they are filed.  Responses to objections may be filed within **fourteen (14)** days after service of objections.  If no timely objections are filed, the matter will be ready for consideration by the District Judge on **December 18, 2020**.

DATED this 20th day of November, 2020.

                                                                    Mary Alice Theiler
                                                                    United States Magistrate Judge